**LOEW'S, Inc. v. UNITED STATES.**
No. 10750.

United States District Court
S. D. California, C. D.
April 3, 1951.

Loeb & Loeb by Adrian A. Kragan, Los Angeles, Cal., for plaintiff.

Ernest A. Tolin, U. S. Atty. for the Southern District of California, E. H. Mitchell and Edward R. McHale, Asst. U. S. Attys., Eugene Harpole and Frank W. Mahoney, Special Attys. Bureau of Internal Revenue, by Frank W. Mahoney, all of Los Angeles, Cal., for defendant.

JAMES M. CARTER, District Judge.

I

That plaintiff at all times herein mentioned was and is a corporation duly organized and existing under the laws of the State of New York with one of its principal places of business located in the County of Los Angeles, State of California.

II

That during the period August 1, 1944 to and including July 30, 1947, plaintiff hired Mac's Auto Tours to render certain transportation services. Under the con-

tract of hire, Mac's Auto Tours charged plaintiff a fee for the services rendered at a specified rate per mile or per hour. Each transportation service was separately charged and the charge was determined by computing the total charge at the per hour and per mile rate and the larger computation was used. In making these computations, all miles and all times consumed were considered whether or not persons were actually being transported or the bus was standing by or was dead-heading. Mac's Auto Tours in making its charge did not segregate the time or miles during which actual transportation of persons was taking place, but included in a single charge all time involved in the transaction. Mac's Auto Tours computed and collected from plaintiff, transportation of persons tax under the provisions of Section 3469(a) of the Internal Revenue Code, 26 U.S.C.A. § 3469(a) upon the entire charge.

III

That the total transportation of persons tax collected by Mac's Auto Tours from plaintiff during the period August 1, 1944 to and including July 30, 1947 was the sum of $7,226.68, and Mac's Auto Tours paid over this sum so collected to the Collector of Internal Revenue for the Sixth Collection District of California.

IV

That during the period August 1, 1944 to and including July 30, 1947, plaintiff hired Tanner Motor Livery, Ltd., to render certain transportation services. Under the contract of hire, Tanner Motor Livery, Ltd., charged plaintiff a fee for the services rendered at a specified rate per mile or per hour. Each transportation service was separately charged and the charge was determined by computing the total charge at the per hour and the per mile rate and the larger computation was used. In making these computations, all miles and all time consumed were considered whether or not persons were actually being transported or the bus was standing by or was deadheading. Tanner Motor Livery, Ltd., in making its charge did not segregate the time or miles during which actual transportation of persons was taking place, but included in a single charge all time involved in the transaction. Tanner Motor Livery, Ltd., computed and collected from plaintiff, transportation of persons tax under the provisions of Section 3469(a) of the Internal Revenue Code upon the entire charge.

V

That the total transportation of persons tax collected by Tanner Motor Livery, Ltd., from plaintiff during the period August 1, 1944 to July 30, 1947 was the sum of $7,406.40 and Tanner Motor Livery, Ltd., paid over this sum so collected to the Collector of Internal Revenue for the Sixth Collection District of California.

VI

That neither Tanner Motor Livery, Ltd., nor Mac's Auto Tours separated in their billing to plaintiff the charge for transportation of persons from the charge for stand-by or dead-head time.

VII

That the transportation companies have no records which show what part of the charge made to plaintiff was for transportation of persons and what part was for stand-by or dead-head time.

VIII

That plaintiff for each of its productions keeps an assistant director's report maintained under the supervision of an assistant director for use as a time sheet for extras.

IX

That plaintiff by use of the transportation companies' bills in conjunction with the assistant director's reports can separate the approximate time consumed in transportation of persons from dead-head and stand-by time for each trip.

X

That plaintiff can show the approximate time the bus transported persons on cer-

tain days by the driving time to the destination.

## XI

That during the period August 1, 1944 to and including July 30, 1947, there were twenty of these transactions per month.

### Conclusions of Law

#### I

That the records kept by Mac's Auto Tours and Tanner Motor Livery, Ltd., are not kept in accordance with Treasury Department Regulations 42 Sections 130.52 and 130.54(h)-5.

#### II

That the records kept by plaintiff used in conjunction with the records of Mac's Auto Tours and Tanner Motor Livery, Ltd., are not the records specified in Section 130.54(h) of Regulations 42.

#### III

That plaintiff has not availed himself of the exemption to the statute by failing to keep proper records as specified in Regulations 42.

#### IV

That Treasury Regulations 42, Sections 130.52 and 130.54 are reasonable and in conformity with Internal Revenue Code Section 3469(a).

#### V

That plaintiff has not overpaid its transportation of persons tax.

#### VI

That plaintiff failed to prove a cause of action against defendant and is not entitled to any refund whatsoever of transportation of persons tax.

#### VII

Defendant is entitled to a judgment against plaintiff with costs assessed against plaintiff.

JAMES M. CARTER, United States District Judge.